COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


PAULETTE'S DUSTERS & ROBES AND
 AMERICAN MOTORISTS INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.    Record No. 0542-97-3                  PER CURIAM
                                          JULY 29, 1997
JUANITA HOWELL


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Ramesh Murthy; Penn, Stuart & Eskridge, on
              brief), for appellants.

              (Ginger Jonas Largen; Morefield, Kendrick,
              Hess & Largen, on brief), for appellee.


     Paulette's Dusters & Robes and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that

employer failed to prove that Juanita Howell's (claimant)

continuing disability was not causally related to her compensable

September 11, 1995 injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

'[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's change in condition application, the commission summarized the treating physician's opinions as follows:

> [In his July 11, 1996 medical report, Dr. Brad] Beeson . . . notes that the claimant suffers from a chronic degenerative disc problem in her lower back that is "not a consequence of her recent lumbar strain."  He goes on to say

>> I feel that any acute strain would have had ample time to heal over the past nine months and do not feel that her present complaints can be directly related to the acute injuries she had last September.

> On September 30, 1996, Dr. Beeson wrote another report, this time to the claimant's attorney.  In that letter, Beeson opined that the low back injuries that the claimant sustained on September 11, 1995, had aggravated the claimant's pre-existing back condition.  He also noted that the claimant had been able to work prior to the injury,

2

had not been able to return to work since the injury, has had continuing pain, and is unable to return to work due to her chronic pain syndrome.

Based upon this medical evidence, the commission ruled that "[g]iven Dr. Beeson's reports of July 11 and September 30, 1996, the evidence, is, at best, in equipose [sic] as to whether the claimant's disability is unrelated to the work injury. Therefore, we find that the employer . . . [has] failed to carry the burden of proof."

Based upon Dr. Beeson's apparently conflicting opinions concerning the cause of claimant's continuing disability, we cannot find as a matter of law that employer's evidence sustained its burden of proof.

Employer contends that the commission ignored Dr. Beeson's June 14, 1996 notes in rendering its decision. On that date, Dr. Beeson wrote as follows: "I do not feel that Ms. Howell's continued back pain is due to any recent injury but more the result of her degenerative disc disease." There is no evidence that the commission did not weigh this medical evidence in rendering its decision. Moreover, the commission could have reasonably concluded that Dr. Beeson's June 14, 1996 notes did not clear up the ambiguity created by his later reports. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

3

For these reasons, we affirm the commission's decision.

Affirmed.