COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ABELL INDUSTRIES AND WOOD PRODUCTS OF
 VIRGINIA SELF-INSURANCE ASSOCIATION
                                        MEMORANDUM OPINION*
v.    Record No. 2195-97-2                 PER CURIAM
                                         JANUARY 13, 1998
JAMES LINWOOD LOFTIS

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (R. Temple Mayo; Taylor and Walker, on
           brief), for appellants.  Appellants
           submitting on brief.

           (Stephen D. Bloom; Townsend and Bloom Law
           Offices, on brief), for appellee.  Appellee
           submitting on brief.


     Abell Industries and its insurer (hereinafter referred to as

(employer) appeal a decision of the Workers' Compensation

Commission denying its application alleging that James Linwood

Loftis (claimant) unjustifiably refused selective employment

offered to him by employer in October 1996.  Employer contends

that the commission erred in finding that employer failed to

prove that the duties required of the selective employment fell

within claimant's residual work capacity.  Finding no error, we

affirm.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that the duties of the selective employment offered to claimant fell within his medical restrictions. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> From this record, the Deputy Commissioner found that the employer did not prove that the light duty job was suitable. We agree with this finding. When Dr. [David J.] Muron examined the claimant on May 23, 1996, he stated that the claimant was magnifying his symptoms and could perform sedentary work at least four hours a day. According to the claimant, Dr. Muron advised him he could work four to five hours a day. Dr. [Steven M.] Fiore last saw the claimant on March 6, 1996, at which time he did not release the claimant to work. [On July 30, 1996 and October 18, 1996,] [w]ithout any current examination of the claimant, Dr. Fiore released him to full-time work. We agree with the Deputy Commissioner that Dr. Muron's release to part-time work is the more current and reliable expression of restrictions. As the Deputy Commissioner noted, Dr. Muron's later acceptance in January, 1997 of the full-time work release was phrased as deference to Dr. Fiore's opinion. Since Dr. Fiore had not seen the claimant since March, 1996, this release is not persuasive.
> The record reflects that the claimant could perform light duty work for four to

> five hours a day at the time of the
> employer's offer of a full-time job in
> October, 1996.  The job offered was therefore
> not suitable.  In addition, on February 25,
> 1997, the claimant became totally disabled
> per Dr. Fiore.

The commission articulated legitimate reasons for giving little probative weight to Dr. Fiore's release of claimant to full-time light-duty work and for finding Dr. Muron's May 1996 release to part-time work more persuasive.  In light of these reasons, the commission was entitled to conclude that employer failed to prove that its offer of full-time selective employment was suitable to claimant's residual work capacity.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that claimant unjustifiably refused selective employment offered to him by employer.  Accordingly, we affirm the commission's decision.

Affirmed.