Richmond

HUNGERFORD MECHANICAL CORPORATION

v.

LESLIE E. HOBSON

No. 1753-89-2

Decided February 19, 1991

676

COUNSEL

William C. Walker (Taylor & Walker, P.C., on brief), for appellant.

Malcolm Parks III (Michele Andrea Haley; Maloney, Yeatts & Barr, P.C., on brief), for appellee.

OPINION

BENTON, J.—Hungerford Mechanical Corporation contends that because its employee, Leslie E. Hobson, did not receive a specific permanent partial disability rating from his treating physician within two years of his injury, the commission erred in awarding benefits to Hobson for permanent partial disability. Hungerford asserts this position even though Hobson timely filed and introduced at the evidentiary hearing evidence of a permanent partial disability rating. We affirm the award.

On April 17, 1987, Hobson suffered a compensable injury to his left wrist and began receiving medical treatment from Dr. John E. Grasinger. Hobson did not immediately file a request for disability benefits, but continued to work for Hungerford in a supervisory capacity while seeing Dr. Grasinger. As a part of his treatment,

Dr. Grasinger twice operated on Hobson's left wrist and continued to medically manage Hobson's injury for two years.

On April 13, 1989, Hobson filed an application with the commission for permanent partial disability benefits. Four days later, Dr. Grasinger informed the commission that Hobson "will have a permanent impairment from his injury [and that the] degree of permanency will be determined on his return visit in two months." In June, however, the doctor reported to the commission that he was uncertain as to the permanent disability rating because of continued active treatment. It was not until August 2, 1989, that Grasinger was able to specify a "40% impairment to the left wrist and a 20% impairment of the left upper extremity." At the August 16 evidentiary hearing, Hobson relied upon the treatment records that Dr. Grasinger had been filing with the commission since October 1988, which indicated that treatment began in April 1987, and was continuing. The deputy commissioner entered an award in Hobson's favor. On appeal, the full commission affirmed the award.

■ The right to compensation under the Workers' Compensation Act is barred unless a claim is filed with the commission within two years after the incident giving rise to an injury by accident. Code § 65.1-87. Hobson was injured April 17, 1987, and he timely filed his application for benefits within two years after the occurrence. Hungerford asserts, however, that Hobson is barred from receiving compensation because the extent of his permanent disability was not rated by Dr. Grasinger within the two year period. We find no support for Hungerford's assertion and we are unwilling to impose such a limitation upon the commission's implementation of the Act.

■ Code § 65.1-56 establishes presumptive ratings for the loss of particular body members and also provides that "for the permanent partial . . . loss of use of a member compensation may be proportionately awarded." Where the issue concerns a permanent partial loss of use, the commission must rate "the percentage of incapacity suffered by the employee" based on the evidence presented. *County of Spotsylvania v. Hart*, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977). Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing. *See id.* at 569-70, 238 S.E.2d at 816. Thus, a medical rating of the employee's disability is evidence which an employee

offers in order to meet the burden of proof. The Code does not require that this evidence be established before the statute of limitations expires. The timely filing of evidence in accordance with the commission's rules and the facts established by that evidence are the operative considerations in determining whether a claimant is entitled to compensation benefits. *See Sargent Elec. Co. v. Woodall*, 228 Va. 419, 323 S.E.2d 102 (1984); *Bailey v. Stonega Coke & Coal Co.*, 185 Va. 653, 40 S.E.2d 254 (1946); *Flavin v. J.C. Penney Co.*, 1 Va. App. 1, 332 S.E.2d 805 (1985).

■ At the time Hobson filed his application for benefits, he had suffered a compensable injury by accident. His application plainly specified that he was seeking benefits for permanent partial disability. "This disability was present and existing when the application was filed; therefore the application did not anticipate a future disability and did give the employer sufficient notice of the claim." *Continental Forest Indus. v. Wallace*, 1 Va. App. 72, 74, 334 S.E.2d 149, 150 (1985). Hobson's filing, thus, fulfilled the intent of the Act — that the injured employee assert, within the limitation period, the existence of a claim growing out of a compensable injury by accident. *See Shawley v. Shea-Ball Constr. Co.*, 216 Va. 442, 219 S.E.2d 849 (1975). In order to recover, Hobson had the burden of establishing by a preponderance of the evidence the existence of a disability which was the consequence of the injury by accident. *Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 387, 363 S.E.2d 433, 440 (1987); *Hercules, Inc. v. Stump*, 2 Va. App. 77, 79, 341 S.E.2d 394, 395 (1986).

In a medical report filed with the commission shortly after the filing of the application, Dr. Grasinger opined that Hobson had a permanent impairment as a consequence of the April 1987 injury. Dr. Grasinger's report was credible evidence of the existence of a permanent disability. It is of no consequence to the outcome of this case that Dr. Grasinger was unable to rate the degree of permanent disability until August 2, 1989. What is determinative is that the application for benefits was timely filed, that the credible evidence before the commission proved Hobson suffered a permanent impairment, and that the commission's award satisfied the requirements of the Act.

■ "Where, as here, an employee suffers the loss of use of a scheduled body member, the compensation provided by [Code] § 65.1-56 is not awardable 'until the injury has reached a state of

permanency, i.e., maximum improvement, when the degree of loss may be medically ascertained.' " *Hart*, 218 Va. at 568, 238 S.E.2d at 815 (quoting *Collins v. G.M. Clements Co.*, 48 O.I.C. 49 (1966)). Although Dr. Grasinger had not quantified the degree of permanent impairment at the time the application was filed, he later did so and filed his report with the commission. The commission found, upon credible evidence, that Hobson suffered a permanent partial disability of the left wrist and the upper left extremity as a consequence of the injury by accident. The commission's procedure in this case was consistent with its established practice and fulfills the purposes of the Act. *See Griffin v. Breeden Co.*, 63 O.I.C. 151 (1984).

Accordingly, the judgment is affirmed.

*Affirmed.*

Koontz, C.J., and Barrow, J., concurred.