COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

AUGUSTA CORRECTIONAL CENTER/
 COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION[*]
v.   Record No. 1147-96-3                   PER CURIAM
                                         NOVEMBER 12, 1996
WANDA L. BAZZREA

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (James S. Gilmore, III, Attorney General;
              Donald G. Powers, Assistant Attorney General,
              on briefs), for appellant.

              (George L. Townsend; Chandler, Franklin &
              O'Bryan, on brief), for appellee.


     Augusta Correctional Center/Commonwealth of Virginia

("employer") contends that the Workers' Compensation Commission

("commission") erred in denying employer's change in condition

application on the ground that employer failed to prove that, as

of September 11, 1995, Wanda L. Bazzrea's ("claimant") disability

was no longer causally related to her compensable October 1, 1994

injury by accident.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> Dr. [John C.] MacIlwaine continues to treat the claimant for complaints related to both arms.  However, nowhere in his reports does he indicate that she has recovered from the compensable carpal tunnel syndrome on the right [sic].[1]  Neither does Dr. MacIlwaine indicate a date or time frame when the claimant's disability ceased to be caused by the compensable injury and changed to disability caused by a potential occupational disease involving one or both arms.  Finally, it is not clear from his report of September 11, 1995, which arm symptoms are causing her disability or whether the disability is caused by symptoms in both arms.  If the disability is caused, in part, by continuing left arm symptoms, no change in condition is established.

Based upon the ambiguous nature of the opinions expressed by Dr. MacIlwaine in his reports concerning the cause of claimant's

---

[1]Employer accepted as compensable disability related to claimant's October 1, 1994 left hand and wrist injury, which resulted in a left wrist sprain and subsequent carpal tunnel syndrome.

2

continuing disability, the commission, as fact finder, was entitled to give little weight to Dr. MacIlwaine's September 11, 1995 opinion. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Based upon this record, we cannot find as a matter of law that employer's evidence proved that claimant's disability after September 11, 1995 was no longer causally related to her compensable October 1, 1994 injury by accident.

Accordingly, we affirm the commission's decision.

Affirmed.