COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HARRINGTON CORPORATION
AND
INSURANCE COMPANY OF NORTH AMERICA

                                        MEMORANDUM OPINION[*]
v.   Record No. 3088-96-3                  PER CURIAM
                                          MAY 20, 1997
JESSE ARGENBRIGHT


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Patricia C. Arrighi; Powell and Arrighi, on
                brief), for appellants.

                (Robert E. Evans; Evans Law Office, on
                brief), for appellee.



     Harrington Corporation and its insurer (hereinafter
collectively referred to as "employer") contend that the Workers'
Compensation Commission (commission) erred in finding that
employer failed to prove that Jesse Argenbright was released to
return to his pre-injury employment without restrictions as of
May 3, 1996.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

     The commission held that the letter reports of Dr. John
Jane, Argenbright's treating neurosurgeon, did not prove that
Argenbright was fully capable of carrying out all of the duties
of his pre-injury employment.  The commission found that, at

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

best, Dr. Jane's reports constituted a "trial release," which was not the equivalent of an unconditional release to pre-injury employment. In so ruling, the commission made the following findings:

> We find Dr. Jane's letter of May 3, 1996, to constitute insufficient proof of [Argenbright's] ability to return to pre-injury work. First, this letter is not based upon a contemporaneous examination of [Argenbright]. Secondly, the letter is inconsistent with the report of March 13, 1996. The earlier report refers to an objective finding of scar tissue at the surgical site surrounding the L5 nerve root. The May 3, 1996, letter fails to mention this problem. Thirdly, the March 13, 1996, letter states that "we were really unable to ascertain his physical capabilities at this time." Dr. Jane fails to explain on May 3, 1996, why, in the absence of any further examination or diagnostic studies, that he is able to conclude that [Argenbright's] physical capabilities are now ascertainable, and sufficient to allow a return to work. Finally, we are troubled by Dr. Jane's suggestion that [Argenbright's] only two choices are surgery, or a return to work. Dr. Jane fails to explain the apparent inconsistency between [Argenbright's] need for surgery and ability to return to work.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's findings are binding and

2

conclusive upon us, unless we can say as a matter of law that employer proved that Argenbright was fully capable of returning to his pre-injury employment.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission articulated legitimate reasons for giving little probative weight to Dr. Jane's reports.  In light of these reasons, the commission was entitled to conclude that Dr. Jane's reports did not constitute sufficient evidence to prove that Argenbright was capable of carrying out all of the duties of his pre-injury employment.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of May 3, 1996, Argenbright was capable of returning to his pre-injury employment.  Accordingly, we affirm the commission's decision.

Affirmed.