COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


COMMUNITY HEALTH CARE –
 RUSSELL COUNTY MEDICAL CENTER AND
 TRANSPORTATION INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.    Record No. 1420-97-3                 PER CURIAM
                                        OCTOBER 21, 1997
CORDELIA C. HANNAH


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Jennifer G. Marwitz; Law Offices of Roya
              Palmer, on brief), for appellants.

              (Gregory R. Herrell; Arrington, Schelin &
              Herrell, on brief), for appellee.


    Community Health Care – Russell County Medical Center and

its insurer (hereinafter referred to as "employer") appeal a

decision of the Workers' Compensation Commission denying

employer's application alleging a change-in-condition.  Employer

contends that the commission erred in finding that it failed to

prove that (1) Cordelia Hannah (claimant) had been released on

September 10, 1996, to return to her pre-injury work, and (2) her

continuing disability was not causally related to her compensable

September 10, 1993 injury by accident.  Finding no error, we

affirm the commission's decision.

    "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that claimant was fully capable of returning to her pre-injury employment or that her continuing disability was no longer causally related to her compensable injury by accident.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In finding that employer's evidence failed to sustain its burden of proof, the commission was not persuaded by the opinion of the independent medical examiner, Dr. Glenn Freeman.  In so ruling, the commission found as follows:

> Four physicians have treated or examined the claimant.  It is Dr. Freeman's view that the claimant made an excellent recovery from her injury three years ago and that when seen on September 10, 1996, had returned to her pre-injury status.  Dr. [Calvin J.] Johnson examined the claimant on December 5, 1996 and has written two inconsistent reports. . . .  Against this, Dr. [Dwight L.] Bailey could "[n]ot see how that this patient can return to her work as a nurse, lifting and moving patients."
> Dr. [Jim C.] Brasfield served as the claimant's treating physician until June 7, 1994.  We find that his last report is

2

ambiguous.  While he says that his exam did not "[s]uggest to me restrictions," he also says that the claimant is capable of work activities "[a]s I have so noted."  The only work activity that he had noted was light duty with restrictions against lifting more than 50 pounds.  It does not appear there has been any attempt, either through interrogatories or another examination, to clarify this ambiguity.

We do not find Dr. Freeman's opinion persuasive because of Dr. Bailey's contrary opinion and because of the ambiguity in Dr. Brasfield's opinion.

Thus, the commission explained its decision to give little probative weight to Dr. Freeman's opinion, resulting in the conclusion that the medical evidence was insufficient to prove either that claimant was capable of performing the duties of her pre-injury employment or that her continuing disability was no longer causally related to her compensable injury by accident. We are unable to find as a matter of law that the evidence proved otherwise and, therefore, affirm the decision.

<u>Affirmed.</u>