COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

A & K SERVICE CORPORATION
AND
EMPLOYERS INSURANCE OF WAUSAU

MEMORANDUM OPINION[*]

v.   Record No. 1410-97-2                     PER CURIAM
                                         NOVEMBER 10, 1997

ROBERT D. VANDYKE

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Deborah S. O'Toole; Cowan & Owen, P.C., on
brief), for appellants.

(Laura A. McDonald; Geoffrey R. McDonald,
P.C., on brief), for appellee.


A & K Service Corporation and its insurer (hereinafter referred to as "employer") contend that the Workers' Compensation Commission erred in finding that employer failed to prove that Robert D. VanDyke (claimant) was released to return to his pre-injury employment without restrictions as of September 27, 1996.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

459, 464, 359 S.E.2d 98, 101 (1987) (quoting <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that claimant was fully able to perform the duties of his pre-injury employment.  <u>See</u> <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> Dr. [Ralph E.] Hagan indicated that the claimant could return to work on April 1, 1996, but with the assistance of a helper, i.e., a conditional release to "work."  He has not specifically indicated a return to full-duty work.  The burden of proof lies with the moving party, the employer in this case, and they have failed to meet their burden.  Dr. [Walter N.] Rabhan's report of September 27, 1996, also fails to meet the employer's burden of proof.  We do not rely on his one-time examination, some 11 months after the injury.

The commission articulated legitimate reasons for giving little probative weight to Dr. Hagan's conditional work-release and for rejecting the opinion of Dr. Rabhan.  In light of these reasons, the commission was entitled to conclude that those medical reports did not constitute sufficient evidence to prove that claimant was capable of carrying out all of the duties of his pre-injury employment.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  <u>Hungerford Mechanical Corp. v. Hobson</u>, 11 Va. App.

2

675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of September 27, 1996, claimant was capable of returning to his pre-injury employment.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>