COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SAFEWAY STORES, INC.

                                      MEMORANDUM OPINION*
v.   Record No. 1598-97-4               PER CURIAM
                                      NOVEMBER 18, 1997
TAMMIE DANISE RULE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Kevin J. O'Connell; O'Connell & O'Connell,
                on brief), for appellant.

                (James F. Green; Ashcraft & Gerel, on brief),
                for appellee.



     Safeway Stores, Inc. (employer) appeals a decision of the

Workers' Compensation Commission denying its application alleging

a change in condition.  Employer contends that the commission

erred in finding that Tammie Danise Rule was not released to

return to her pre-injury work.  We affirm the commission's

decision.

     The commission held that Dr. Jeffrey P. Rosen's August 21,

1996 medical report did not prove that Rule was fully capable of

carrying out all of the duties of her pre-injury employment.  The

commission based that holding upon the following findings:
                Dr. Rosen indicated that [Rule] should
                undergo a three- to four-week rehabilitative
                program for her ankle.  However, if this
                program was not approved by the insurance
                carrier, then she would be released to
                regular work.  If we found this statement to
                be a full-duty release, the carrier, and not
                the physician, would control medical

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

management and treatment. It is not the carrier's privilege to determine necessary or appropriate treatment, but rather the treating physician's duty. The claimant has not reached medical improvement because she has not yet undergone the recommended treatment.

Even should we hold that this medical report is not ambiguous, it still does not qualify as a full-duty release. A mere statement that [Rule] can return to work does not meet the burden of the moving party. . . . There is insufficient proof that [Rule] is able to perform all of her preinjury duties.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's factual findings are binding and conclusive upon us, when they are supported by credible evidence. See Code § 65.2-706; James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Thus, unless we can say as a matter of law that employer proved that Rule was fully capable of returning to her pre-injury employment, we must affirm the commission's decision. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission articulated legitimate reasons for finding Dr. Rosen's report ambiguous and for giving it little probative

2

weight. Dr. Rosen's conclusion that Rule could return to work was conditioned upon his finding that she should first undergo "an aggressive physical therapy program." However, Dr. Rosen noted Rule's concern that her employer might not consent to the recommended physical therapy program. Dr. Rosen also noted that he had informed the employer of his recommendation and states that "[f]rom an orthopaedic standpoint once she completes her physical therapy program, she will be at a point of maximum medical improvement with no impairment from any of her previous injuries." Recognizing that the employer might refuse to pay for the therapy, Dr. Rosen states that "if the [employer denies] the patient's physical therapy . . . then I would place her at a point of maximum medical improvement." The language of the report supports the commission's finding that the report impermissibly surrendered medical management of Rule's claim to employer.

In light of these reasons, the commission was entitled to conclude that Dr. Rosen's report did not constitute sufficient evidence to prove that Rule was capable of carrying out all of the duties of her pre-injury employment. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination and credibly supports the commission's

3

findings, we cannot find as a matter of law that the evidence proved that as of August 21, 1996, Rule was capable of returning to her pre-injury employment.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

4