COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ARC ELECTRIC, INC. AND
 SAFEGUARD INSURANCE COMPANY
                                    MEMORANDUM OPINION[*]
v.   Record No. 2037-97-2               PER CURIAM
                                     DECEMBER 23, 1997
JAMES A. GODWIN, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Benjamin J. Trichilo; Trichilo, Bancroft,
                McGavin, Horvath & Judkins, on brief), for
                appellants.

                No brief for appellee.



     ARC Electric, Inc. and its insurer (hereinafter referred to

as "employer") contend that the Workers' Compensation Commission

erred in finding that employer failed to prove that James A.

Godwin, Jr. was released to return to his pre-injury work.  Upon

reviewing the record and the employer's brief, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  See Rule 5A:27.

     Pursuant to a memorandum of agreement, the commission

entered an award in favor of Godwin for temporary total

disability.  In response to the employer's application for a

hearing, the commission held that the medical reports of Dr.

Rudolph Cejas, who examined Godwin while he was incarcerated, did

not prove that Godwin's knee injury had sufficiently healed so

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that he could return to his pre-injury employment.  In so ruling,
the commission made the following findings:

> On July 19, 1996, Dr. Cejas evaluated Godwin
> for pain in the left ear, which was diagnosed
> as otitis externa.  On August 29, 1996, a
> medical record entry was made by one of Dr.
> Cejas's assistants, that [Godwin] "[m]ay
> return to work v/o Dr. Cejas."  Dr. Cejas
> again evaluated Godwin on September 4, 1996,
> for recurrent pain in the left ear.  He
> diagnosed otitis media of the left ear,
> prescribed medication and opined that
> [Godwin] could "[r]eturn to work."
>
> . . . Dr. [Stephen] McCoy [, Godwin's
> treating orthopedist,] found [Godwin] totally
> disabled before his incarceration and has not
> examined him since.  There is no evidence
> that Dr. Cejas evaluated [Godwin's] knee.
> The only medical records from Dr. Cejas
> relate to treatment for [Godwin's] left ear
> infection.  Because Dr. Cejas does not
> mention [Godwin's] right knee injury in his
> notes, we cannot conclude that the work
> release related to [Godwin's] knee and not
> the condition for which he rendered
> treatment, complaints of left ear pain.

"General principles of workman's compensation law provide
that '[i]n an application for review of any award on the ground
of change in condition, the burden is on the party alleging such
change to prove his allegations by a preponderance of the
evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.
459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight
Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570,
572 (1986)).  The commission's findings are binding and
conclusive upon us, unless we can say as a matter of law that the
employer proved that Godwin's knee injury had sufficiently healed

2

so that he could return to his pre-injury employment.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission articulated legitimate reasons for giving little probative weight to Dr. Cejas' reports.  In light of Dr. Cejas' diagnosis, which was limited to Godwin's ear problem, the commission was entitled to conclude that Dr. Cejas' reports did not relate to Godwin's knee injury.  No evidence in the record proved that Godwin's knee injury had sufficiently healed so that he could carry out all of the duties of his pre-injury employment.

Because the medical evidence was subject to the commission's factual determination, see Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991), we cannot find as a matter of law that the evidence proved that Godwin was capable of returning to his pre-injury employment.  Accordingly, we affirm the commission's decision.

Affirmed.

3