COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Bumgardner

BAKER ROOFING COMPANY
 AND TRANSPORTATION INSURANCE COMPANY

 MEMORANDUM OPINION[*]
v.    Record No. 2786-97-1            PER CURIAM
                                   MARCH 31, 1998
LARRY MASON

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Roya Palmer Ewing, on brief), for
appellants.  Appellants submitting on brief.

No brief for appellee.


Baker Roofing Company and its insurer (hereinafter referred to as "employer") appeal a decision of the Workers' Compensation Commission ("commission") denying employer's application alleging a change-in-condition.  Employer contends that the commission erred in finding that it failed to prove that Larry Mason ("claimant") was released to return to his pre-injury employment as of February 1, 1997.  Finding no error, we affirm the commission's decision.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight

―――――――――――――――――――
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

<u>Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that claimant was fully able to perform the duties of his pre-injury employment. <u>See</u> <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application due to the ambiguities in the opinions of the treating neurosurgeon, Dr. Edward B. Butts, the commission found as follows:

> If it is assumed that Dr. Butts meant to release the claimant on February 1, the release is sufficiently current to be valid, but he never stated when, in the month of February, the claimant was released. If, for example, he intended to release him in the middle of the month, the release would be prospective and not sufficiently current to sustain the employer's application. Unfortunately, the lack of clarification places us in the position of being asked to assume Dr. Butts' intention, which we are reluctant to do.
>
> The second problem is that Dr. Butts reported on May 16, 1997, that the claimant was to undergo a myelogram on May 19, 1997, because of "continued pain." In a disability certificate of May 19, 1997, he stated: "Pt. had myelogram today which showed herniated disc L3-4 and will need surgery. He is unable to work at this time." Again, Dr. Butts' intention is not clear. The language of the disability certificate may mean that his opinion is that the claimant was not disabled between February and May 19, 1997. On the other hand, Dr. Butts reported continuing pain, followed by a new finding of a herniated disc at L3-4 which he may or may not relate to the accident. These findings and complaints raise a serious question as to whether Dr. Butts would still be of the opinion that the claimant could work as a roofer between February and May 19, 1997.

Again, we are left to assume his intentions, which we decline to do.

The commission articulated legitimate reasons for giving little probative weight to Dr. Butts' opinions. In light of these reasons, the commission was entitled to conclude that Dr. Butts' opinions did not constitute sufficient evidence to prove that claimant was capable of carrying out all of the duties of his pre-injury employment. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, the commission did not err in considering Dr. Butts' May 16, 1997 medical report and his May 19, 1997 disability certificate. Those medical reports were properly before the commission and were relevant to its determination of whether claimant had been released to return to his pre-injury employment.

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of February 1, 1997, claimant was capable of returning to his pre-injury employment. Accordingly, we affirm the commission's decision.

Affirmed.