COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


GRAND PIANO & FURNITURE COMPANY, INC.
 AND CONTINENTAL INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.    Record No. 0827-98-4                   PER CURIAM
                                         SEPTEMBER 8, 1998
QUINTON FOGLE

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION
                (Jonathan S. Rochkind, on brief), for
                appellants.

                (Jimmy L. Hill; Roger Ritchie & Partners, on
                brief), for appellee.


     Grand Piano & Furniture Company and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that employer failed

to prove that Quinton Fogle ("claimant") was capable of

performing his pre-injury work as of March 19, 1997.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

459, 464, 359 S.E.2d 98, 101 (1987) (quoting <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that claimant was fully able to perform the duties of his pre-injury employment.  <u>See</u> <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> While Dr. [Patrick] Capone released the claimant to full duty, he also stated in his deposition that if this required the claimant to do heavy lifting of more than 30 or 40 pounds, he would have difficulty with this. Dr. Capone also stated that he believed the claimant's complaints were legitimate, and that the claimant suffers from post-concussive syndrome.  Dr. Capone noted that he deferred to Dr. [T.J.] Schulz for an orthopaedic evaluation.  We note that Dr. Schulz, who is also a treating physician, indicated on March 18, 1997, that the claimant was not released to return to work until seen again in five weeks.  The diagnosis was a cervical, thoracic, and lumbar strain, and left shoulder pain.  While the doctor's examination notes of that date may have focused on the left shoulder pain and carpal tunnel syndrome, neither of which are currently before the Commission, his disability slip did not limit the disability to these concerns.  In view of Dr. Capone's questioning of the claimant's lifting capacity and Dr. Schulz's continuing disability, we cannot find that the employer has established the claimant's ability to return to pre-injury work.

The commission's findings are amply supported by the record. The commission articulated legitimate reasons for giving little

probative weight to Dr. Capone's March 18, 1997 work-release.  In light of these reasons, the commission was entitled to conclude that Dr. Capone's medical reports and opinions did not constitute sufficient evidence to prove that claimant was capable of carrying out all of the duties of his pre-injury employment. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the weight accorded to the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of March 19, 1997, claimant was capable of returning to his pre-injury employment.  Accordingly, we affirm the commission's decision.

Affirmed.