COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Lemons


HUNAN IMPERIAL RESTAURANT AND
 FIRSTLINE NATIONAL INSURANCE
 COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 1990-98-4                  PER CURIAM
                                         JANUARY 26, 1999
HAN TRUNG LAM


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Benjamin J. Trichilo; Trichilo, Bancroft,
        McGavin, Horvath & Judkins, on briefs), for
        appellants.

        (John R. Severino; Portner & Shure, on
        brief), for appellee.


     Hunan Imperial Restaurant and its insurer (hereinafter referred to as "employer") contend that the Workers' Compensation Commission ("commission") erred in finding that employer failed to prove that Han Trung Lam ("claimant") was able to return to his pre-injury employment as of January 30, 1998. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

     "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

evidence.'"  <u>Great Atl. & Pac. Tea Co. v. Bateman</u>, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting <u>Pilot Freight Carriers, Inc. v. Reeves</u>, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that claimant was fully able to perform the duties of his pre-injury employment.  <u>See</u> <u>Tomko v. Michael's Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> [O]n January 30, 1998, Dr. [Jahan] Joubin merely advised the claimant to perform range of motion exercises and "return to pre-injury activity."  The fact that [claimant] was allowed to return to pre-injury activity does not necessarily mean that he was capable of performing all the duties of his pre-injury work.  Dr. Joubin did not specifically address work status, and gave no specific opinion that the claimant was able to perform all the duties of his pre-injury work, or that he could work without any limitations or restrictions.
> Moreover, we note that Dr. [Charles C.] Young's March 31, 1998, examination and evaluation was much more comprehensive than the examination described in Dr. Joubin's January 30, 1998, office note.  Further, we observe that Dr. Young is a specialist in the field of physical medicine and rehabilitation.  Dr. Young specifically opined that the claimant "still cannot function well as a restaurent [sic] cook."  We find Dr. Young's opinion persuasive, due to the fact that he performed a comprehensive evaluation, and the fact that he is a specialist in the field of physical medicine and rehabilitation.

The commission articulated legitimate reasons for concluding

- 2 -

that Dr. Joubin's medical records failed to address the issue of whether claimant was able to perform all of the duties of his pre-injury work as a cook.  In light of these reasons, the commission was entitled to conclude that Dr. Joubin's opinions did not constitute sufficient evidence to prove that claimant was capable of carrying out all of the duties of his pre-injury work.  While we have stated that the opinion of the treating physician is entitled to great weight, Pilot Freight Carriers, 1 Va. App. at 439, 339 S.E.2d at 572, the law does not require that the treating physician's opinion be accepted over that of others. Moreover, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Thus, the commission was entitled to accept the opinion of Dr. Young, which supported the commission's finding that claimant was not able to return to the duties of his pre-injury work.

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of January 30, 1998, claimant was capable of returning to his pre-injury employment.  Accordingly, we affirm the commission's decision.

Affirmed.