COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


LINDA DIXON

                                        MEMORANDUM OPINION*
v.    Record No. 0459-99-3                  PER CURIAM
                                        SEPTEMBER 7, 1999
WOODTECH, INC. AND
 RELIANCE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Karen Brown Ryan; Ryan Law Firm, on brief),
            for appellant.

            (S. Vernon Priddy, III; Sarah Y. M. Kirby;
            Sands, Anderson, Marks & Miller, on brief),
            for appellees.


     Linda Dixon (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that she sustained a change in condition on

September 23, 1997 causally related to her compensable March 24,

1995 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that claimant proved that her condition as of September 23, 1997 was causally related to her compensable March 24, 1995 injury by accident. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> [W]e find it significant that in causally relating the claimant's most recent condition to the work accident, Dr. [Anne Marie] Hynes diagnosed not the previously diagnosed strain, but rather, degenerative disc disease and a bulging disc. She offered no explanation for the change or why the change would be causally related to the work accident, especially in the context of long periods between bouts of symptoms.
> In contrast is the opinion of Dr. [Neal A.] Jewell, an orthopedist, who clearly stated that this condition is unrelated to the work accident and consistent with the claimant's age group. [B]ecause of his specialty and because the onset and duration of the symptoms is uncontradicted, we find that Dr. Jewell's opinion is more persuasive than that of Dr. Hynes. In view of the long gaps between symptoms and treatment following the accident, the change in diagnosis, the sudden onset of renewed symptoms in the fall of 1997 and Dr. Jewell's expertise, we agree with the Deputy Commissioner that the

> claimant has not met her burden of proving a
> change in condition.

The commission articulated legitimate reasons for giving little probative weight to Dr. Hynes's opinion. In light of these reasons, the commission was entitled to conclude that Dr. Hynes's opinion did not constitute sufficient evidence to prove that claimant's post-September 23, 1997 condition was causally related to her March 24, 1995 injury by accident. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, in its role as fact finder, the commission was entitled to accept Dr. Jewell's opinion and to reject the contrary opinion of Dr. Hynes. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that claimant's condition as of September 23, 1997 was causally related to her March 24, 1995 injury by accident. Accordingly, we affirm the commission's decision.

Affirmed.

- 3 -