COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Duff


NEW RIVER COMMUNITY ACTION, INC. AND
 SELECTIVE INSURANCE COMPANY OF AMERICA
                                        MEMORANDUM OPINION*
v.    Record No. 1140-00-3                   PER CURIAM
                                          OCTOBER 3, 2000
SUSAN LEIGH SEHEN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Jonnie L. Speight; Johnson, Ayers &
                Matthews, on brief), for appellants.

                (Richard M. Thomas; Rider, Thomas,
                Cleaveland, Ferris & Eakin, on brief), for
                appellee.


     New River Community Action, Inc. and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in denying its

application requesting a change in Susan Leigh Sehen's treating

physicians and requesting that she be required to select a new

physician from a panel of physicians offered by employer.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). The commission has ruled that it will order a change in an employee's treating physician when "inadequate treatment is being rendered; it appears that treatment is needed by a specialist in a particular field and is not being provided; no progress being made in improvement of the employee's health condition without any adequate explanation; conventional modalities of treatment are not being used; no plan for treatment for long-term disability cases; and failure to cooperate with discovery proceedings ordered by the Commission." Powers v. J.B. Constr. Co., 68 O.I.C. 208, 211 (1989). Thus, we have held that "when an employer seeks to change claimant's treating physician because the claimant has made little progress and no treatment plan has been derived, the employer must identify the alternative care that should be substituted and must demonstrate that the suggested care would be more appropriate and productive." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 675, 508 S.E.2d 335, 341 (1998).

In denying employer's application, the commission found that "[d]espite the complexity of [Sehen's] case, it does appear that

some improvement has occurred in recent years."  The commission also found that "[t]he voluminous medical record shows that [Sehen's] current physicians have communicated with each other" and ruled that it was "not persuaded that their treatment has been inappropriate."  These findings are supported by the medical records of Sehen's treating physicians, Drs. Cecil B. Knox, III, a physiatrist, N. Laura Liles, an osteopath, Mary C. Williams, an osteopath/psychiatrist, and William P. Swann, a periodontist. These findings are also supported by the records of licensed professional counselors Susan M. Riggs and Lin M. Shaner and physical therapist Ann L. Kite.  Moreover, the uncontradicted testimony of Sehen and her three family members supports these findings.

The commission was "not persuaded by Dr. [Joseph] Niamtu's and Dr. [Thomas] Koenig's recommendations that [Sehen] be treated in an institution with multiple treating physicians."  Indeed, the commission found that Sehen was "already receiving a multi-disciplinary approach with her treatments with Drs. Williams, Knox, Liles, and Swann, and her therapists, Shaner, Riggs, and Kite."  Upon employer's request, Dr. Niamtu examined Sehen once and reviewed her medical records.  Dr. Koenig reviewed her medical records, but never examined her.  In its role as fact finder, the commission was entitled to reject the opinions of Drs. Niamtu, an oral/maxillofacial surgeon, and Koenig, a psychiatrist.

Significantly, the commission found as follows:

> [A]ll involved physicians recognize the complexity of [Sehen's] case. Yet, none of the physicians who reviewed her records have presented a convincing alternative treatment plan. In December 1998, Dr. [Bruce] Stelmack[, a physiatrist,] suggested vague recommendations which seem to be already in place or were attempted in the past. Although he recommended palliative care by a pain specialist, he also appeared to disapprove of Dr. Knox's palliative approach. Dr. Stelmack also admitted that he could not offer [Sehen] treatment in which she would substantially progress. Similarly, in August 1998, Dr. [James M.] Jecmen[, a dentist,] opined that he could not offer a resolution or effective treatment plan given the severity of her condition. In September 1998, Dr. Beck also expressed his reluctance to provide care based on [Sehen's] history. In July 1999, Dr. Koenig presented an elaborate proposal, yet he had not examined her.

> The suggestions offered by the physicians who have examined [Sehen] are not sufficient to justify removing the current physicians at this time. While we agree that some of the treatments may be non-conventional or may have proven to be ineffective, we are not convinced that the treating physicians should be changed. . . . The record establishes that her condition is unique and that her gradual progress is reasonable based on these circumstances.

Viewing the evidence in the light most favorable to Sehen, who prevailed before the commission, we hold that the commission's factual findings are fully supported by the medical records of the treating physicians, the therapists, and the testimony of Sehen and her family members. "Medical evidence is not necessarily

- 4 -

conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Thus, credible evidence in the record supports the commission's ruling that "the evidence fails to establish that a change in physicians is warranted at this time in this complex case."

Because our ruling on the change in physicians issue disposes of this appeal, we need not address the second issue raised by employer regarding the validity of the panel of physicians offered to Sehen.

For these reasons, we affirm the commission's decision.

Affirmed.