COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


NOOR UL-QAMAR
                                    MEMORANDUM OPINION*
v.    Record No. 2695-00-4              PER CURIAM
                                       MARCH 13, 2001
PRINCE WILLIAM COUNTY SCHOOL BOARD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Julie H. Heiden; Koonz, McKenney, Johnson,
            DePaolis & Lightfoot, on brief), for
            appellant.

            (Thomas C. Palmer, Jr.; Brault, Palmer,
            Grove, Zimmerman, White & Steinhilber, LLP,
            on brief), for appellee.


     Noor Ul-Qamar (claimant) contends that the Workers'

Compensation Commission erred in finding that she was able to

return to light duty work as of December 17, 1998, and in

terminating her compensation benefits as of February 1, 1999,

the date she refused selective employment.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

--------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In terminating claimant's benefits as of February 1, 1999, the commission found as follows:

> While the claimant has a longer treatment history with Dr. [Mohammad] Akbar, he was not her treating physician for her work-related accident.  Dr. [G.A.] Nejad, an orthopedist, is her treating physician.  He, in turn, referred her to Dr. [John A.] Bruno and to Dr. [Mayo F.] Friedlis. . . .  We find the claimant was released to light duty work on December 10, 1998, which was followed up with a note on December 17, 1998, by Dr. Nejad.  The claimant testified that she was aware of being released to return to work.  Ms. [Rebecca] Irvin[, loss control specialist,] testified that on the following day she provided the claimant with information about returning to light duty. While we are not persuaded by the opinion of Dr. Nejad based on a telephone call from the claimant's daughter that she was unable to work, we note that Ms. Irvin did not follow up at the time with making a job offer.  By her own testimony, Ms. Irvin waited until the claimant returned to Dr. Nejad.  We find Dr. Nejad, on January 7, and specifically on January 28, 1999, again found that the claimant [was] able to return to light duty work.  We are more persuaded by his report, which is buttressed by the report of Dr. Bruno, to whom he referred the claimant for additional care than Dr. Akbar.  We note that Dr. Akbar was treating the claimant for similar symptoms as a result of a motor vehicle accident that occurred prior to the work incident.  Dr. Akbar stated the claimant could not perform the position in her "job description."  This job apparently was the claimant's regular work.  He has never directly addressed whether the

- 2 -

> claimant could perform light duty work. Dr. Friedlis, the claimant's current treating physician, has not expressed an opinion on her disability or cause. In addition, at the time of the January 28, 1999, release, Dr. Friedlis was not seeing the claimant. The complaints voiced by the claimant are subjective and not supported by any of the diagnostic testing.
>
> We find the opinions of the treating physician are more persuasive than Dr. Akbar, who has not provided any actual basis, other than the claimant's subjective complaints, for finding that she is disabled. Therefore, in view of the claimant's failure to make even an attempt to return to light duty but giving her the benefit of the doubt, we find benefits should be terminated effective February 1, 1999, the date the claimant failed to report for selective employment.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). The commission weighed the medical evidence and, as fact finder, was entitled to accept the opinions of the treating orthopedists, Dr. Nejad, and Dr. Bruno, and to reject the contrary opinions of Dr. Akbar. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Nejad's January 7, 1999 and January 28, 1999 notes and opinions releasing claimant to light duty work and Dr. Bruno's February 23, 1999 report constitute credible evidence to support the commission's

- 3 -

findings.  As the commission noted, Dr. Akbar relied upon a job description of claimant's regular work and never addressed the light-duty position.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>