COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


TRAVCORP AND
 HARTFORD ACCIDENT & INDEMNITY CO.

                                    MEMORANDUM OPINION*
v.    Record No. 2068-02-4              PER CURIAM
                                     DECEMBER 10, 2002
FAUSTINE I. COOPER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Roger L. Williams; John T. Cornett, Jr.;
            Williams & Lynch, P.C., on brief), for
            appellants.

            (Gregory P. Perigard; Burgess, Kernbach &
            Perigard, PLLC, on brief), for appellee.


     Travcorp and its insurer (hereinafter referred to as

"employer") contend the Workers' Compensation Commission erred

in denying its change-in-condition application on the grounds

that it failed to prove that Faustine I. Cooper (claimant) was

no longer disabled as a result of her June 26, 2000 compensable

injury by accident and that she was capable of returning to her

pre-injury work as of December 3, 2001.  Upon reviewing the

record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

As support for its application, employer submitted the December 3, 2001 report of independent medical examiner Dr. Steven Hughes. Dr. Hughes, who examined claimant at employer's request on one occasion on December 3, 2001, opined that she should return "to a full unrestricted duty status as soon as possible. She reached maximum medical improvement within four months of the onset of her lifting injury." Dr. Hughes also believed that claimant had "marked evidence of symptom magnification."

Claimant's treating physician, Dr. Ted Lee, completed an "Occupational Medicine Final Report" and opined that claimant "has reached a plateau at this time and she is to be declared permanent and stationary as of today, that is February 13,

- 2 -

2001."  Dr. Lee further opined that claimant could not perform "heavy work" and that she was "incapable of doing her usual, regular job."  Dr. Hawani Temesgen noted on January 28, 2002, that claimant was "under my care and other Kaiser [Permanente] staff physicians care since July 2000 . . . [, that] claimant is being treated for low back pain following an on the job injury [of] June 26, 2000 . . . [and that claimant] remains totally disabled pending further evaluation and testing."

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  In denying employer's application, the commission weighed the medical evidence, rejected Dr. Hughes' opinion, and accepted Dr. Lee's opinion, which it found to be corroborated by Dr. Temesgen's opinion.  "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

The commission articulated its reasons for giving more weight to the opinions of Drs. Lee and Temesgen than to the opinion of Dr. Hughes, the independent medical examiner.  The commission noted that as a treating physician, Dr. Lee was in a better position to opine as to claimant's medical condition than Dr. Hughes.  Although the commission recognized that the record did not contain Dr. Temesgen's examination notes, the commission

reasonably inferred from credible evidence in the record that Dr. Temesgen, a staff physician at Kaiser Permanente where claimant had received treatment from various physicians, treated claimant. The commission did not err in giving weight to Dr. Temesgen's opinion. Furthermore, the commission noted that Dr. Hughes' opinion that claimant reached maximum medical improvement within four months of her June 26, 2000 compensable injury, conflicted with the commission's finding that claimant remained disabled at that time as a result of her compensable work accident. This Court affirmed that opinion.

In light of the opinions of Drs. Lee and Temesgen, we cannot find as a matter of law that employer's evidence sustained its burden of proving that claimant was no longer disabled as a result of her compensable accident and that she had been released to return to her pre-injury work.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>