COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


CVS #00871 VA DISTRIBUTION, INC. AND
  CVS CORP./GAB ROBINS
  NORTH AMERICA, INC.
                                                    MEMORANDUM OPINION[*]
v.       Record No. 1346-07-2                          PER CURIAM
                                                    OCTOBER 9, 2007
LEE O. BRETT


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael P. Del Bueno; Brandon R. Jordan; Whitt & Del Bueno,
            P.C., on brief), for appellants.

            (Jamie L. Karek; Geoffrey R. McDonald & Associates, P.C., on
            brief), for appellee.


        CVS #00871 VA Distribution, Inc. and its insurer (collectively "employer") appeal a

decision of the Workers' Compensation Commission finding that Lee O. Brett (claimant) proved

(1) he injured his back and neck and suffered right leg pain as a result of his compensable

February 17, 2006 injury by accident; and (2) his medical treatment and ongoing disability are

causally-related to his work accident.  We have reviewed the record and the commission's

opinion and find that this appeal is without merit.  Accordingly, except as noted below, we

affirm for the reasons stated by the commission in its final opinion.  See Brett v. CVS #00871

VA Distribution, Inc., VWC File No. 229-27-30 (May 11, 2007).

        With respect to employer's argument that the commission erred in failing to address and

analyze whether claimant proved a "mechanical or structural change" in his lumbar spine as a

result of his February 17, 2006 compensable work accident in order to prove a new "injury" to

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

his back, we conclude that while the commission did not provide explicit analysis of that issue, we can reasonably infer the commission considered it.

In its May 11, 2007 opinion, the commission recognized that employer defended the claim on the grounds that there was no injury by accident other than to claimant's head and no causal connection between the disability or medical treatment to other body parts and the work accident. The commission's opinion contains a summary of claimant's testimony and the pertinent medical records and opinions. The commission noted that while claimant had back problems before the work accident, he had never previously experienced a burning sensation or pain down his right leg, which ultimately necessitated his back surgery. The commission pointed out that the initial medical records from Inova Hospital showed that claimant complained of neck pain and tingling in his lower back. The commission specifically set forth Dr. Raymond S. Kirchmier's diagnosis of claimant's back condition as "L5-S1 grade I spondylolisthesis, L4-5 right paracentral disc protrusion, and right lower extremity radiculopathy, suspect L5 nerve root, and *work-related axial compression injury to lower back* with probable aggravation of underlying preexisting conditions, which caused him to recommend nerve root injection and possible surgery." (Emphasis added.) The commission noted Dr. Kirchmier opined that the February 17, 2006 work injury aggravated claimant's underlying back condition, and necessitated his back surgery.

Based upon the record and the content of the commission's opinion, we can reasonably infer that while the commission did not specifically mention Dr. Kirchmier's December 8, 2006 response to counsel's questionnaire, it considered that isolated statement, but gave it no weight in

light of claimant's testimony and the overwhelming medical evidence to the contrary.[1]  It is well settled that "[m]edical evidence is . . . subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). "Matters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the commission and are conclusive and binding on the Court of Appeals."  Kim v. Sportswear, 10 Va. App. 460, 465, 393 S.E.2d 418, 421 (1990) (citation omitted); see also Code § 65.2-706(A).  "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the [c]ommission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.

---

[1] The question posed was as follows:  "Did [claimant] suffer any mechanical or structural change in his lumbar spine as a result of his February 17, 2006 incident?"  Dr. Kirchmier wrote in response:  "No change, but most likely exacerbated his underlying condition."  We also note that the commission explicitly recognized that Dr. Andre Eglevsky did not believe claimant had objective changes to indicate any mechanical or structural change in his spine, but implicitly rejected that opinion.