COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


FLOYD S. PIKE ELECTRICAL CONTRACTORS, INC.
 AND LIBERTY MUTUAL INSURANCE COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 2193-98-3              PER CURIAM
                                     FEBRUARY 23, 1999
DANNY D. MULLINS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Deborah W. Dobbins; Gilmer, Sadler, Ingram,
               Sutherland & Hutton, on brief), for
               appellants.

               (Paul L. Phipps; Lee & Phipps, on brief), for
               appellee.


     Floyd S. Pike Electrical Contractors, Inc. and its insurer

(hereinafter referred to as "employer") contend that the Workers'

Compensation Commission ("commission") erred in finding that it

failed to prove that Danny D. Mullins ("claimant") was capable of

fully performing the duties of his pre-injury employment as of

April 7, 1997.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

_____

        *Pursuant to Code § 17-1.413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  The commission's findings are binding and conclusive upon us, unless we can say as a matter of law that employer proved that claimant was fully able to perform the duties of his pre-injury employment.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant's medical treatment by Drs. Dave G. Klock, Carey W. McKain, Robert S. Hines, Jr., and W.T. Williams was causally related to his problems with his lower back precipitated by the June 3, 1996 compensable accident. In so ruling and in denying employer's application, the commission found as follows:

> It is clear that the claimant suffered from chronic lower back pain relating to his June 3, 1996, occupational injury.  On July 15, 1997, Dr. Hines indicated in his report to the claimant's disability insurance carrier that he considered the claimant's condition of degenerative disc disease, as shown by MRIs conducted in 1996 and 1997, to be "chronic."  Dr. Hines' examinations of the claimant in July 1997 and Dr. Williams' examinations of the claimant in July and August 1997 reveal pain secondary to and treatment for disc problems at the L4-5 level.  The claimant's initial treating physician, Dr. Klock, also noted problems at the same location.  The observations are based chiefly on the MRIs performed in December 1996 and July 1997.  Dr. Hines' July 15, 1997, report to the claimant's disability insurance carrier noted that the results of the two MRIs, as far as L4-5 are concerned, were the "same."

2

\*        \*        \*        \*        \*        \*        \*

> . . . Dr. McKain apparently based his April 22, 1997, opinion that the claimant was able to perform the Class A Lineman duties at least in part on the April 2, 1997, physical therapist's progress report.  As noted above, however, the claimant has suffered from chronic back pain during the entire period in question.  Moreover, Dr. McKain's understanding of the job description was inaccurate.  The claimant's uncontradicted testimony is that his performance of the Class A Lineman's job differed from the job description in several key respects.  Moreover, the job description "averages" the varied duties that a Class A Lineman might perform.  Where the claimant falls on this average was not known to Dr. McKain when he expressed his opinion. . . .  Our finding is supported by the claimant's own testimony that he did not believe he would be able to even climb into a "bucket truck," much less climb a pole while wearing a twenty-five pound tool belt.

The commission articulated legitimate reasons for giving little probative weight to Dr. McKain's opinions and to his approval of the job description.  In light of claimant's uncontradicted testimony regarding the inaccuracy of the job description submitted to Dr. McKain, the medical records of Drs. Hines and Williams, and Dr. Hines' opinion that claimant was unable to return to his pre-injury employment, the commission was entitled to conclude that Dr. McKain's medical reports and opinions did not constitute sufficient evidence to prove that claimant was capable of carrying out all of the duties of his pre-injury work.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and

3

weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that as of April 7, 1997, claimant was capable of returning to his pre-injury employment. Accordingly, we affirm the commission's decision.

Affirmed.

4