COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY
                                    MEMORANDUM OPINION*
v.    Record No. 2337-99-4               PER CURIAM
                                      FEBRUARY 8, 2000
BRENDA L. COOPER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert C. Baker, Jr.; Mell, Brownell &
            Baker, on brief), for appellant.

            (Julie H. Heiden; Koonz, McKenney, Johnson,
            DePaolis & Lightfoot, on brief), for
            appellee.


        Washington Metropolitan Area Transit Authority (employer)

contends that the Workers' Compensation Commission (commission)

erred in finding that it failed to prove that Brenda L. Cooper

(claimant) was able to return to her pre-injury work as of

September 30, 1998.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  <u>See</u>

Rule 5A:27.

        "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's change-in-condition application, the commission found as follows:

> Although Dr. [Laura] Isensee agreed that most of [claimant's] complaints are subjective, she stated that she had found a decreased range of motion in the neck and shoulders, and has found the claimant to be tender to palpation over the cervical spine. She stated that on one occasion she observed an oblong area in the left mid to lower back region which "did not feel like a lipoma to me, but more like, what I describe, as 'bunched-up' muscle."
>
> Dr. Isensee acknowledged that the claimant's pain complaint is what prevented her from being able to return to her pre-injury work as a bus driver. Although Dr. Isensee admitted that she relied upon the claimant's statements as to what she could or could not do, Dr. Isensee opined that the claimant's complaints are real, based upon Dr. Isensee's own observations regarding the pain. Dr. Isensee stated that she did not rely only upon the claimant's statements in deciding work capacity, but based that assessment on her own observations from having taken care of the claimant over an extended period. Dr. Isensee opined that claimant's pain

- 2 -

complaints were causally related to the work accident, and that claimant had not yet reached maximum medical improvement. Dr. Isensee also noted that in November 1998, the claimant attempted unsuccessfully to return to work as a bus driver. Dr. Isensee feels that the claimant is presently capable of light-duty work, and opines that claimant is not a malingerer.

. . . We find the opinions of Dr. Isensee persuasive, and find that the employer has failed to prove that claimant is capable of performing the duties of her pre-injury work as a bus driver.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechnical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence. The commission did so and articulated legitimate reasons for accepting the opinions of the treating neurologist, Dr. Isensee, while rejecting the contrary opinions of independent medical examiner, Dr. Kenneth W. Eckmann. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Based upon Dr. Isensee's opinions, we cannot find as a matter of law that employer sustained its burden of proving that claimant was able to return to her pre-injury work as of

September 30, 1998.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>