COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


JOHN W. DANIEL AND COMPANY, INC. AND
 WCAMC CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION
                                      MEMORANDUM OPINION*
v.    Record No. 0412-00-3              PER CURIAM
                                       AUGUST 22, 2000
JOSEPH E. DENT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Paul C. Kuhnel; Wooten & Hart, P.C., on
            brief), for appellants.

            No brief for appellee.


        John W. Daniel and Company, Inc. and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in denying its

change-in-condition application by finding that employer failed

to prove that Joseph Dent's (claimant) continuing disability

after September 21, 1998 was not related to his compensable

March 19, 1997 back injury.  Upon reviewing the record and the

brief of the employer, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> Dr. [Lawrence F.] Cohen has been treating the claimant for a back condition. None of his reports opine that the back has healed or that the current symptoms were caused exclusively by the stumble in September 1998 or the exacerbation in November 1998.  Instead, the medical record merely reflects that the claimant's symptoms had diminished and that he was capable of returning to light duty.  For example, on March 9, 1998, he reported minimal pain and occasional symptomatology.  At that time, the claimant was released to light work with restrictions. . . .  By August 26, 1998, . . . Dr. Cohen proposed light duty for an additional six months.
>
> Significantly, Dr. Cohen repeatedly labeled the claimant's problems as an exacerbation without opining that the underlying injury had resolved.  For example, on September 24, 1998, he noted painful lumbar spine range of motion

-

radiating into the right lower leg. Dr. Cohen thought a scan should be taken "to see if he has a herniated disc at L4-5 on the rt side which is possible since it is in the nature of his injury. . . ." He did not distinguish to which injury this referred. . . . [Dr. Cohen] advised on December 31, 1998, that although the claimant "was doing relatively well . . ." after the fusion, he "still [was] having some symptoms. . . ." Moreover, Dr. Cohen testified that <u>something</u> triggered the right leg pain, which could have been a nerve root or referred pain from the L5-S1 level.

. . . [T]he medical record does not indicate that claimant would have been released to full duty, except for the two incidents. Instead, it shows that he was capable of light duty. Dr. Cohen never stated that the claimant was completely healed or able to return to his preinjury employment. Further, he testified that he could not state whether the current symptoms were caused entirely by the two incidents.

The commission's findings are supported by Dr. Cohen's medical records and his deposition testimony. Based upon that evidence, the commission, as fact finder, could reasonably conclude that "[t]he evidence fails to show that the claimant's condition is not related to the compensable injury." "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." <u>Hungerford Mechanical Corp. v. Hobson</u>, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

-

Based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of proof. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>