COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bray and Annunziata


SOUTHFORK TRUCKING, INC. AND
 RELIANCE INSURANCE COMPANY
                                        MEMORANDUM OPINION*
v.    Record No. 1108-00-3                  PER CURIAM
                                         SEPTEMBER 12, 2000
ALBERT WHITT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Robert M. McAdam; Jones & Glenn, PLC, on
          brief), for appellants.

          (Paul L. Phipps; D. Allison Mullins; Lee &
          Phipps, P.C., on brief), for appellee.


     Southfork Trucking, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Albert Whitt

(claimant) proved that he suffered a sudden mechanical change in

his body as a result of his October 10, 1998 work-related

accident, which caused a material aggravation of his

pre-existing disc herniation at the L5-S1 level and his

subsequent disability and need for surgery.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission concluded that "claimant sustained a material aggravation of his pre-existing lumbar condition on October 10, 1998 [and] . . . that this incident caused a mechanical change in the body, namely a change in the location and severity of the pre-existing disc herniation at the L5-S1 level."  In so ruling, the commission found as follows:

> The medical record clearly reflects previous injury to the lower back, necessitating two surgeries to the lumbar region.  In January 1998, per Dr. [Paul C.] Peterson's testimony, the claimant was diagnosed with a new injury to the lumbar spine.  Diagnostic studies at that time revealed a bulging disc at the L4-L5 level as well as a left paramedian disc herniation at the L5-S1 level.  The claimant was able to perform his pre-injury work duties without difficulty, despite continuing complaints of pain and despite Dr. Peterson's recommendation that the claimant undergo surgery.  After October 10, 1998, the claimant was unable to perform his pre-injury work, and complained of an exacerbation of left leg pain.
>
> . . . Dr. Peterson initially testified that one basis for his opinion regarding the issue of causation was the fact that the claimant had not previously complained of left leg pain.  The medical record contradicts this assertion, and Dr. Peterson

- 2 -

corrected his error later in the deposition testimony. Diagnostic studies performed after October 10, 1998, showed a disc herniation at the L5-S1 level which was more centrally located, leading Dr. Peterson to conclude that the claimant sustained an aggravation of his pre-existing condition. While it is clear that the treating physician had previously recommended surgical intervention, it appears from his deposition testimony that the absolute need for surgery was accelerated by the October 10, 1998, work injury.

The commission's findings are supported by credible evidence, including claimant's testimony and Dr. Peterson's medical reports and deposition testimony. The commission as fact finder was entitled to accept Dr. Peterson's opinions and to reject any contrary medical opinions. Furthermore, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Based upon Dr. Peterson's reports and deposition testimony, the commission could reasonably infer that the October 10, 1998 accident caused a sudden mechanical change in claimant's body, that is, a material aggravation of his pre-existing disc herniation, which resulted in disability and accelerated the need for surgery.

For these reasons, we affirm the commission's decision.

Affirmed.

- 3 -