COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff*


PARAMONT COAL CORPORATION AND
 PYXIS RESOURCE COMPANY

                                    MEMORANDUM OPINION**
v.    Record No. 2340-00-3              PER CURIAM
                                      JANUARY 23, 2001
FREDDIE PAUL MULLINS


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael F. Blair; Lisa Frisina Clement; Penn
            Stuart & Eskridge, on brief), for appellants.

            (Paul L. Phipps; Lee & Phipps, P.C., on
            brief), for appellee.


    Paramont Coal Corporation and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in denying its application

alleging a change in Freddie Paul Mullins' condition.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

    "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground of

_____

        * Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying employer's application, the commission found as follows:

> There is a conflict in opinions between Dr. [Jim C.] Brasfield, the neurosurgeon who performed a laminectomy, and Dr. [Gary S.] Williams, the treating internist.  Dr. Brasfield first issued a full duty release at the claimant's request in June of 1998, prior to the earlier Commission decision awarding continuing benefits.  Since then Dr. Brasfield has seen the claimant five times, each time reiterating his full release.  Dr. Brasfield minimized the claimant's discomfort following his return to work.  Dr. Brasfield also erroneously stated that the claimant was continuing to work and was on no medication.  He concluded that absent a neurological deficit, no restrictions were in order.
>
> By contrast, by June of 1998, Dr. Williams saw the claimant eighteen times.  He prescribed medications, including Percocet and Prozac, of which Dr. Brasfield was unaware.  He excused the claimant from work, although Dr. Brasfield was under the impression that the claimant was still working.  Dr. Williams documented chronic, intractable back pain ever since the

-

claimant attempted to work as a heavy equipment operator four months after back surgery. Dr. Brasfield dismissed these complaints essentially because there were no surgical lesions. We find that Dr. Williams' opinions are more persuasive than Dr. Brasfield's opinions because he was more familiar with the claimant and his concerns extended beyond the narrow neurological assessment.

Dr. Williams' opinions support the commission's findings. In its role as fact finder, the commission weighed the medical evidence and accepted the opinions of Dr. Williams, while rejecting the contrary opinions of Dr. Brasfield. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). In light of Dr. Williams' opinions, we cannot find as a matter of law that employer sustained its burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.

-