COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


FOOD LION, INC.

                                    MEMORANDUM OPINION[**]
v.   Record No. 2180-00-3               PER CURIAM
                                       JANUARY 30, 2001
DARRELL ELWOOD MILGRIM


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Cathie W. Howard; Pierce & Howard, P.C., on
              brief), for appellant.  Appellant submitting
              on brief.

              (Ginger J. Largen; Morefield Kendrick Hess &
              Largen, P.C., on brief), for appellee.
              Appellee submitting on brief.


     Food Lion, Inc. appeals a decision of the Workers'

Compensation Commission awarding benefits to Darrell Elwood

Milgrim.  Food Lion contends that the commission erred in

finding that Milgrim's current psychiatric and orthopedic

conditions and resulting treatment and disability are causally

related to his compensable October 27, 1997 injury by accident.

We affirm the award.


_____

          [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17-1.400(D).

          [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Furthermore, we are required to uphold factual findings made by the commission if those findings are supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Psychiatric Condition

In ruling that Milgrim's psychiatric treatment and resulting disability are causally related to his compensable work injury, the commission found as follows:

> The medical record reflects that [Milgrim] first received psychiatric treatment in April 1999, and was diagnosed with major depression.  We have before us only two medical opinions regarding the issue of whether this condition is causally related to the industrial accident of October 27, 1997.  Both Dr. [James B.] Stone[, III] and Dr. [Neil] Dubner concluded that there was a causal relationship.  These opinions remain uncontradicted, and are consistent with [Milgrim's] testimony at the hearing as well as contemporaneous medical reports.  Dr. [Trip] Gardner opined that [Milgrim] was totally disabled from his psychiatric condition.  No physician or psychiatrist has since found [Milgrim] capable of returning to work in any capacity from a psychiatric standpoint.

The uncontradicted opinions of Drs. Stone, Dubner, and Gardner, coupled with Milgrim's testimony and the contemporaneous medical records, constitute credible evidence to

- 2 -

support the commission's findings.  Therefore, those findings are binding and conclusive upon us on appeal.

Orthopedic Condition

In ruling that Food Lion failed to prove that Milgrim's current orthopedic condition and resulting disability are not causally related to his compensable work injury, the commission found as follows:

> We cannot determine whether Dr. [Murray] Joiner [was] aware of [Milgrim's] pre-injury duties when he concluded that [Milgrim] had reached "baseline."  Further, we cannot determine whether Dr. Joiner had access to all of [Milgrim's] medical records documenting treatment prior to October 1997. We do not find Dr. Joiner's opinion persuasive on this issue.  We note in passing that Dr. Joiner offered his opinion on the issue solely from an objective orthopedic standpoint, and did not address the issue of whether [Milgrim's] complaints of continuing pain were either causally related to the work injury or disabling. This component was only addressed by Dr. Stone and Dr. Dubner.
>
> Dr. [James] Leipzig and Dr. [Paul] Morin offered opinions in agreement with Dr. Joiner.  However, Dr. Leipzig had not examined [Milgrim] for approximately 10 months prior to rendering his opinion, and Dr. Morin had not evaluated [Milgrim] for more than 15 months as of February 14, 2000. Additionally, the opinions offered addressed the issue of causation and disability only from an objective orthopedic standpoint without addressing the issue of pain or psychiatric disability.  We also note that we cannot determine whether these physicians were fully aware of [Milgrim's] pre-injury work duties.  We find these opinions to be of little probative value.

> Dr. Stone opined that [Milgrim's] pre-existing condition predisposed him to recurrent injury, and that his current symptoms of pain are causally related to the industrial accident. Dr. [James] Vascik likewise found a causal relationship and directly addressed [Milgrim's] current ability to stand for prolonged periods and lift up to 70 pounds. The greater weight of the evidence leads to the conclusion that [Milgrim] is not capable of performing these tasks. We find the opinions of Dr. Stone and Dr. Vascik to be persuasive.

The opinions of Drs. Stone and Vascik support the commission's findings. In its role as fact finder, the commission weighed the medical evidence and accepted the opinions of Drs. Stone and Vascik, while rejecting the contrary opinions of Drs. Joiner, Leipzig, and Morin. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that the evidence proved that Milgrim's current orthopedic condition and resulting disability are not causally related to his compensable work injury.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>