COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


WEIS MARKETS, INC. AND
 TRAVELERS INDEMNITY COMPANY OF ILLINOIS

                                    MEMORANDUM OPINION[**]
v.   Record No. 0106-01-4              PER CURIAM
                                       MAY 15, 2001
BARRY L. GREGORY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Jimese Pendergraft Sherrill; Pamela A.
               Kultgen; Siciliano, Ellis, Dyer & Boccarosse,
               on brief), for appellants.

               (Jerry O. Talton, Jr., on brief), for
               appellee.


     Weis Markets, Inc. and its insurer (hereinafter referred to

as "employer") contend that the Workers' Compensation Commission

erred in finding that Barry L. Gregory proved that he was

entitled to an award of temporary total disability benefits

after January 4, 1999 as a result of his October 6, 1998 injury

by accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

     [*] Retired Judge Charles H. Duff considered this case by
designation pursuant to Code § 17.1-400(D).

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings made by the commission will be upheld on appeal if supported by credible evidence."  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Gregory sustained an original back injury on April 6, 1993 while working for employer.  In April 1998, Dr. Virgil Balint, Gregory's treating physician, released him to full duty.

On October 6, 1998, Gregory felt a pop in his back while lifting a large box at work.  The commission found that he proved he sustained a new injury by accident on October 6, 1998. Employer does not challenge that finding on appeal.

After the October 6, 1998 back injury, Dr. Gregory Ford, an orthopedist, treated Gregory and diagnosed him as suffering from a recurrent lumbar strain.  Dr. Ford excused him from work in October, November, and December 1998.  After that date, Dr. Benjamin Rezba, Dr. Ford's partner, continued Gregory's medical care.

On January 4, 1999, at employer's request, Dr. Balint examined Gregory.  Dr. Balint concluded that Gregory's objective physical examination had not changed since he had treated Gregory in 1998.  Dr. Balint opined that there was a discrepancy between Gregory's excessive complaints and the objective

-

examination.  Dr. Balint opined that Gregory could perform his regular work duties.

On January 25, 1999, Dr. Rezba released Gregory to light duty.  On March 8, 1999, Dr. Rezba noted that Gregory continued to work full duty, with a continuing diagnosis of lumbosacral strain.  On April 28, 1999, Dr. Rezba re-imposed light duty restrictions, noting back pain as well as symptom magnification. On July 21, 1999, Dr. Rezba excused Gregory from work and suggested a repeat MRI.  Dr. Rezba continued to keep Gregory off from work in September 1999 and ordered a discogram.

On December 14, 1999, Dr. Thomas Schuler began treating Gregory at Dr. Rezba's request.  On that date, Dr. Schuler wrote to Dr. Rezba noting that "[b]ased upon your diskography, there is significant disk disruption at the L4-5 level."  Dr. Schuler wrote that he needed to review Gregory's MRI and other studies to determine whether "evidence of junctional breakdown" existed. If so, Dr. Schuler stated that he would have to re-perform the diskography to evaluate these levels before considering surgery.

On March 1, 2000, Dr. Schuler interpreted a diskography he performed.  Based upon the results of that test, Dr. Schuler opined that the L3-4 level was consistent with Gregory's pain and that he was a candidate for interbody fusion.

On March 20, 2000, Dr. Rezba noted that Dr. Schuler had been "able to do the 3-4 disc that I couldn't do and saw that there was a large spur that was probably pushing the nerve to

-

where we couldn't get around it." Dr. Rezba recommended that Gregory be referred to Dr. Schuler to go ahead with surgery.

In response to questions from Gregory's counsel, Dr. Rezba excused Gregory from all work since May 1999 as a result of the October 6, 1998 accident. Dr. Schuler also opined that Gregory was totally disabled from all work since December 1999.

On March 27, 2000, Dr. Balint wrote to employer's counsel that "[t]hough this diskogram was performed by an extremely qualified back surgeon, whom I know quite well, and the diskogram was positive, it is still my opinion that the patient is an extremely poor candidate for surgery." Dr. Balint also stated that when he last saw Gregory on October 27, 1999, his back pain was related to degenerative arthritis, not the October 1998 injury.

Based upon the results of the discograms, Drs. Rezba and Schuler unequivocally opined that Gregory was totally disabled as a result of the October 6, 1998 injury by accident. Their opinions provide credible evidence to support the commission's finding that Gregory was entitled to an award of temporary total disability benefits from October 8, 1998 through January 23, 1999 and from July 21, 1999 and continuing.

The commission, as fact finder, was entitled to weigh the medical evidence and to accept the opinions of Drs. Rezba and Schuler, the treating physicians after Gregory's October 6, 1998 injury, and to reject the contrary view of Dr. Balint. "Medical

-

evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The commission rejected Dr. Balint's opinion because he was not the treating physician after the October 1998 accident.  When Dr. Balint rendered his March 27, 2000 opinion, he had not seen Gregory for a lengthy period of time.  Moreover, Dr. Balint did not comment upon the issue of disability at that time.

For these reasons, we affirm the commission's decision.

Affirmed.

-