COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Cole[*]


PAUL THOMAS BURKE

                                    MEMORANDUM OPINION[**]
v.   Record No. 1138-01-3              PER CURIAM
                                    SEPTEMBER 11, 2001
STAUNTON GOODYEAR AND
 NATIONWIDE MUTUAL INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Roger A. Ritchie; Roger Ritchie & Partners,
          P.L.C., on brief), for appellant.

          (Thomas G. Bell, Jr.; Timberlake, Smith,
          Thomas & Moses, P.C., on brief), for
          appellees.


     Paul Thomas Burke contends that the Workers' Compensation

Commission erred in finding (1) he failed to prove that his

herniated cervical discs were causally related to his

compensable March 27, 1998 injury by accident; and (2) he was

not entitled to a change in treating physicians.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     [*] Retired Judge Marvin F. Cole took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that Burke's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying Burke's change-in-condition application, the commission found as follows:

> [W]e must decide whether the herniated discs revealed for the first time on the December 1999 MRI are causally related to the work injury.  We first note no evidence of signs or symptoms that have been attributed to any dermatome serviced by the nerve roots exiting the spinal column at these two levels.  There are no documented complaints of neck pain at any level until more than one year after the industrial accident.  We have no opinion before us from which we can conclude that the claimant's continuing symptoms in the right hand are attributable to these two paracentral disc herniations which are located superior to the levels where the claimant suffers from degenerative changes.  It appears that Dr. [Thomas] Spicuzza's opinion may be based on the

> assumption that the claimant has consistently complained of neck pain since the accident. This assumption is not consistent with contemporaneous medical records. We cannot determine whether Dr. Spicuzza has had the opportunity to review the chiropractic records and those of Dr. [Lee] Hereford. We cannot determine the basis and reasoning underlying Dr. Spicuzza's expressed opinion on the issue of causation. We find that the claimant has not met his burden on this issue . . . .

The commission also found that Dr. Hereford, who was Burke's treating orthopedist, opined on July 7, 1999 that the cervical radiculopathy, if present at the C8 level "is probably related to arthritis in the neck from years of running around." Dr. Hereford also reported that he could not relate Burke's condition to his job injury.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Thus, "questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Furthermore, it is well established that "'when an attending physician is positive in his diagnosis . . ., great weight will be given by the courts to his opinion.'" Pilot Freight Carriers, 1 Va. App. at 439, 339 S.E.2d at 572 (citations omitted). The commission, as fact finder, weighed

- 3 -

the medical evidence. In doing so, it was entitled to give more weight to Dr. Hereford's opinion than to the opinion of Dr. Spicuzza. Dr. Spicuzza did not examine Burke until more than one year after the compensable injury by accident. In addition, Dr. Spicuzza's report failed to provide any rationale or underlying explanation for his one-word answer ("Yes") to the question of whether Burke's complaint of neck injury was related to the injury by accident, giving little probative weight to Dr. Spicuzza's opinion.

The record contains no documented complaint of neck pain or injury until over one year from the date of the compensable injury by accident. The commission's decision is supported by Dr. Hereford's opinion and the lack of any basis or explanation for Dr. Spicuzza's cursory opinion. Thus, we cannot conclude as a matter of law that Burke's evidence sustained his burden of proof.

## II.  Change in Treating Physicians

In denying Burke's request for a change in treating physicians, the commission found as follows:

> Dr. Hereford has opined that he has no
> further treatment options that could be
> offered the claimant. A careful review of
> the medical record reveals that, with the
> exception of the MRI which confirmed
> degenerative changes in the cervical spine
> already identified by x-ray, the treatment
> regimen undertaken by Dr. Spicuzza is
> essentially the same as that prescribed by
> Dr. Hereford. There is no evidence to

- 4 -

suggest inadequate treatment or failure to provide needed diagnostic studies or specialized treatment relative to the injuries causally related to the work injury.

Because we affirm the commission's decision that Burke failed to prove his neck problems were causally related to his compensable accident, we hold that no change in treating physicians was warranted in this case. Burke failed to prove Dr. Hereford abandoned Burke or refused to provide him with appropriate treatment with respect to the injuries that were causally related to the compensable accident. Accordingly, we cannot conclude as a matter of law that Burke was entitled to a change in treating physicians.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>