COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


BOBBY DERWIN GIBSON
                                    MEMORANDUM OPINION*
v.    Record No. 1484-01-3              PER CURIAM
                                     OCTOBER 2, 2001
BILL GATTON CHEVROLET CADILLAC ISUZU AND
 CINCINNATI CASUALTY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Terry G. Kilgore; Wolfe, Farmer, Williams &
            Rutherford, on brief), for appellant.

            (Christen W. Burkholder; Christen W.
            Burkholder, P.C., on brief), for appellees.


     Bobby Derwin Gibson (claimant) contends that the Workers'

Compensation Commission erred in (1) finding that he

unjustifiably refused selective employment on or about May 4,

2000; (2) finding that his headaches were not causally related

to his compensable cervical strain; and (3) considering the

issue of causation when employer did not raise that issue before

the deputy commissioner at the hearing.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). "Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that employer proved that claimant unjustifiably refused selective employment and in terminating claimant's outstanding award effective May 9, 2000, the commission found as follows:

> Dr. [Matthew] Wood, the claimant's treating physician, is in the best position to determine his ability to return to light duty work on or about May 4, 2000. In reaching this conclusion, we note that [Dr. Wood] had access to all of the claimant's medical records, as well as the initial records concerning the history of the claimant's injury. [Dr. Wood] is therefore in a better position to determine the claimant's work ability than a psychologist who performed testing at the request of claimant's counsel after there was a release to regular work. We also note that the claimant testified to an inability to drive safely because of limited range of motion in his neck. This is contrary to the medical

-

reports. In addition the claimant testified to driving around town. As to the claimant's assertion that he could not work because of a warning on his medication, Dr. Wood who was the claimant's treating physician was in the best position to determine his medication needs and whether they prohibited his return to work. The doctor approved the light-duty driving job and also released him to work.

The commission's findings are supported by credible evidence, including the medical records and opinions of claimant's treating physician, Dr. Wood. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Wood's opinions, and to reject the contrary opinion of Dr. Timothy A. Urbin, a licensed psychologist. Dr. Urbin interviewed and tested claimant upon his counsel's request, was provided an inaccurate history of claimant's injury, and never indicated whether he was aware of claimant's previous testing or treatment by Dr. Wood and Dr. Douglas P. Williams, a neurologist. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because the commission's findings are supported by credible evidence, they are binding and conclusive upon us. "The fact

-

that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. and III.

With respect to the issue of the causation of claimant's headaches, the commission noted in a footnote to its opinion that "[t]he deputy commissioner noted that because the carrier did not raise the issue of causation, it would not be decided." Moreover, the commission recognized that the primary issue on review was whether the claimant refused light duty employment on or about May 4, 2000. In discussing claimant's headaches as they related to this issue, the commission noted the following:

> The record reflects that since the accident the claimant has reported problems with headaches. However, the record does not establish whether the headaches were the result of the cervical strain or an additional injury that occurred at the time of the accident. The Memorandum of Agreement only accepted a cervical strain. Dr. Wood, a neurosurgeon, who has treated the claimant since the time of the accident has not stated that the claimant cannot work because of the headaches. He in fact released the claimant to his pre-injury work. He has sought consultations from Dr. Williams concerning the claimant's headaches. Dr. Williams has indicated that the headaches may be refractory. Dr. Williams has made no statement concerning claimant's ability to work.

Nothing in this record indicates that the commission specifically addressed the issue of the causation of claimant's

-

headaches. Rather, the record shows that the commission discussed claimant's headaches in the context of determining whether the headaches had any bearing upon the issue of claimant's unjustified refusal of selective employment. Accordingly, we find no merit in the second and third questions presented by claimant on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

-