COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


BUCHANAN GENERAL HOSPITAL AND
 SECURITY INSURANCE COMPANY
 OF HARTFORD

                                          MEMORANDUM OPINION[**]
v.    Record No. 1770-01-3                    PER CURIAM
                                          OCTOBER 30, 2001
FRANCES K. HUNT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Ramesh Murthy; Lisa Frisina Clement; Penn
                Stuart, on brief), for appellants.

                (D. Edward Wise, Jr.; Arrington, Schelin &
                Herrell, P.C., on brief), for appellee.


        Buchanan General Hospital and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that (1) Frances K. Hunt unjustifiably refused to

cooperate with Dr. Thomas Hulvey's independent medical

examination; and (2) Hunt was able to return to her pre-injury

work as of May 23, 2000.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

## I.  Unjustified Refusal to Cooperate

Code § 65.2-607(B) provides as follows:

> If the employee refuses to submit himself to [a medical examination paid for by employer] or in any way obstructs such examination requested by and provided for by the employer, his right to compensation and his right to take or prosecute any proceedings under this title shall be suspended until such refusal or objection ceases and no compensation shall at any time be payable for the period of suspension unless in the opinion of the Commission the circumstances justify the refusal or obstruction.

In refusing to suspend Hunt's benefits, the commission found as follows:

- 2 -

> There is no definite statement in [Dr. Hulvey's] report establishing that Hunt intentionally failed to cooperate. Dr. Hulvey advised that Hunt only moved her neck a few degrees, did not bring her hands above eye-level, bent forward only a few degrees, and refused to hyperextend her back. Yet, he commented that while she would not comply, she also "seemed to be unable to cooperate" (emphasis added). Clearly, Dr. Hulvey concluded that Hunt's physical status rendered her unable to perform some of the requested movements.
>
> Accordingly, we are not persuaded that Hunt's actions were an unjustifiable refusal to cooperate. Dr. Hulvey recognized that Hunt's physical limitations affected her participation in, and cooperation with, the examination.

The commission's findings are amply supported by a review of Dr. Hulvey's medical records. Dr. Hulvey noted Hunt's failure to perform certain movements by opinion that she "could not or would not comply." This does not establish that she was feigning her inability to cooperate or intentionally refusing to cooperate. Moreover, although Dr. Hulvey was less than satisfied with the extent of his examination, he was able to obtain sufficient information to draw conclusions regarding Hunt's condition and the extent of her disability. Credible evidence of Hunt's impairments is documented in the medical records of Drs. Christa U. Muckenhausen, James W. Templin, and Thomas W. Kramer. Based upon this record, we cannot find as a matter of law that employer's evidence sustained its burden of

proving that Hunt unjustifiably refused to cooperate with Dr. Hulvey's examination.

## II.  Return to Pre-Injury Work

In ruling that employer failed to prove that Hunt was capable of returning to her pre-injury work as of May 23, 2000, the commission found as follows:

> Dr. Muckenhausen, Hunt's treating physician, has followed her care for an extended period of time.  Her numerous examinations revealed objective findings, such as muscle spasms and tenderness to palpitation.  Based on these evaluations and positive MRI scans, Dr. Muckenhausen repeatedly opined that Hunt could not return to her pre-injury employment.  Dr. Templin, who has also treated Hunt on several occasions, supports the findings and conclusions of Dr. Muckenhausen.  In August and October 1999, he greatly restricted her activities.  Dr. Templin's April 2000 examination found cervical tenderness and tightness, back tenderness and positive straight leg raises.  Lastly, Dr. Hulvey even indicated that Hunt was unable to return to work.  He recommended that she attend a rehabilitation center to return her to gainful employment.
>
> Dr. [Jim C.] Brasfield is the only physician to unconditionally release Hunt to work, from a physical perspective.  We do not find the report of a physician who examined her on one occasion to be as persuasive as that of a treating physician.  Significantly, Dr. Brasfield also noted that a structured rehabilitation program should have been provided to Hunt.
>
> We are not convinced by the evidence presented that Hunt has misrepresented her condition to Drs. Muckenhausen and Templin such as to discount their opinions.  In fact, Dr. Muckenhausen noted Hunt's

- 4 -

> cooperation and disagreed that she was malingering. Further, while Dr. [Paul R.] Kelley opined that [Hunt] was not psychiatrically impaired, Dr. [David L.] Forester has continued to treat her for psychiatric problems, including depression. Thus, we are not persuaded that the claimant was released to return to her pre-injury work, from a psychiatric perspective.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). We also note "'[t]he general rule . . . that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'" Pilot Freight Carriers, 1 Va. App. at 439, 339 S.E.2d at 572 (citations omitted).

The commission weighed the medical evidence and accepted the opinions of the treating physicians, Drs. Muckenhausen and Templin, while rejecting the contrary opinions of the independent medical examiners, Drs. Brasfield and Kelley. Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that employer's evidence sustained its burden of proving that

- 5 -

claimant was fully capable of performing her pre-injury work as of May 23, 2000.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>
