COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


LYDIA S. HAMBLIN

                                       MEMORANDUM OPINION[**]
v.    Record No. 2239-01-4                PER CURIAM
                                        DECEMBER 18, 2001
WAL-MART STORES, INC. AND INSURANCE
 COMPANY OF THE STATE OF PENNSYLVANIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lawrence J. Pascal; Ashcraft & Gerel, LLP,
            on brief), for appellant.

            (Monica L. Taylor; Gentry Locke Rakes &
            Moore, on brief), for appellees.


     Lydia S. Hamblin contends the Workers' Compensation

Commission erred in finding that she failed to prove that her

bilateral carpal tunnel syndrome ("CTS") constituted an ordinary

disease of life compensable under Code § 65.2-401.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     For an ordinary disease of life to be treated as a

compensable occupational disease, an employee must prove, by

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

clear and convincing evidence, to a reasonable degree of medical certainty, that the disease arose out of and in the course of the employment, did not result from causes outside of the employment, was characteristic of the employment, and was caused by the conditions peculiar to the employment.  See Teasley v. Montgomery Ward & Co., Inc., 14 Va. App. 45, 49-50, 415 S.E.2d 596, 598 (1992); see also Code § 65.2-401.  Evidence is clear and convincing when it produces in the fact finder "'a firm belief or conviction as to the allegations sought to be established.  It is . . . more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.  It does not mean clear and unequivocal.'"  Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (citation omitted).

In ruling that Hamblin failed to carry her burden of proof, the commission found as follows:

> We affirm the deputy commissioner, who concluded that [Hamblin] exaggerated her job duties at the hearing.  Dr. [Jon D.] Peters did not have a complete and accurate description of [Hamblin's] job duties or of her outside activities.  We therefore agree that [Hamblin] did not carry her burden of proof.
>
> Moreover, the medical evidence does not prove that any carpal tunnel condition was caused by [Hamblin's] work activities by clear and convincing evidence.  [Hamblin's] treating surgeon, Dr. [Paul] Mecherikunnel, could not state that the [CTS] was caused by the work.  He did not know if there was a

- 2 -

causal relationship to her work or if the work was a primary or contributory factor to the condition's development. This opinion was shared by Dr. [Richard S.] Blume.

[Hamblin] primarily relies on the opinion of Dr. Peters. However, his opinion is not dispositive because he did not have complete or accurate information about [Hamblin's] work activities. The Commission gives little weight to opinions based upon inaccurate or incomplete histories.

As fact finder, the commission was entitled to conclude that when Hamblin testified, she exaggerated her job duties as a snack bar manager. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). She testified that she worked more hours and days than she reported to the insurer in her recorded statement. Furthermore, her lengthy and detailed testimony regarding her job duties was not consistent with the videotape introduced by employer. The videotape showed a three and one-half-hour period of time in the snack bar, including the busy lunchtime hour. In addition, Hamblin's testimony regarding her job duties was not consistent with her written job description, which she did not provide to Dr. Peters.

The commission was also entitled to give little probative weight to Dr. Peters' opinion. No evidence showed that Dr. Peters ever reviewed Hamblin's medical records, her deposition testimony, a written job description, or the

videotape.  Thus, the commission could infer that Dr. Peters' opinion was not based upon a complete understanding of Hamblin's job duties or her outside activities.

In addition, the commission viewed Dr. Peters' opinion in light of the opinions of Drs. Mecherikunnel and Blume.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Dr. Mecherikunnel, who performed carpal tunnel release surgery on Hamblin, could not state that Hamblin's CTS was caused by her employment.  He also noted that Hamblin's medial nerve was not compressed during her surgery.  Dr. Blume questioned whether Hamblin actually had CTS.  He noted that her clinical symptoms and diagnostic testing did not rule out cervical radiculopathy; that her symptoms did not improve after her surgery; and that during the surgery the median nerve was free throughout.  Dr. Blume's opinion was based upon a review of the medical records of Drs. Shor, Peters, Mecherikunnel and Corporate Health Center.  He also reviewed personnel records, Hamblin's recorded statement and deposition testimony, a written job description, and the videotape of Hamblin's job.

Based upon this record, we cannot find as a matter of law that the evidence sustained Hamblin's burden of proof.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d

- 4 -

833, 835 (1970).  The medical evidence was subject to the commission's factual determination.  The commission's findings on those facts are binding and conclusive on appeal.  Id.

Because we affirm the commission's decision that Hamblin failed to prove that her CTS constituted a compensable ordinary disease of life, it is not necessary for us to address whether Hamblin proved that she adequately marketed her residual work capacity.

Affirmed.