COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Senior Judge Overton


UNITED PARCEL SERVICE AND
 LIBERTY MUTUAL FIRE INSURANCE COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 0912-02-2              PER CURIAM
                                     AUGUST 27, 2002
MELINDA B. JONES


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Patricia C. Arrighi; Taylor & Walker, P.C.,
            on brief), for appellants.

            (Craig B. Davis; Emroch & Kilduff, LLP, on
            brief), for appellee.


     United Parcel Service and its insurer (hereinafter referred

to as "employer") contend the Workers' Compensation Commission

erred in finding that (1) employer failed to prove that Melinda

B. Jones (claimant) was released to return to her pre-injury

work as of December 12, 2000 and that any further disability was

not causally related to her compensable November 10, 1999 injury

by accident, and (2) claimant proved that the medical treatment

and disability resulting from her low back condition were

causally related to her compensable November 10, 1999 injury by

accident.  Upon reviewing the record and the parties' briefs, we

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

As the commission noted, "the medical evidence in this case is conflicting." The independent medical examiner, Dr. Walter Rabhan, who examined claimant on one occasion on December 12, 2000, opined that claimant's back complaints were not related to the November 10, 1999 compensable injury by accident, on the ground that the medical records did not reflect any back complaints until eight months after the accident. Dr. Rabhan also indicated that his examination of claimant's back was normal and that he believed claimant's MRI was within normal limits. Dr. Rabhan opined that claimant had reached maximum medical improvement with respect to her left knee injury and that she could return to full work without restrictions.

Dr. Kenneth R. Zaslav, claimant's treating orthopedic surgeon, who reviewed Dr. Rabhan's evaluation, opined, within a

- 2 -

reasonable degree of medical probability, that at the time of the November 10, 1999 accident, along with claimant's ACL injury, she sustained an L4 disc protrusion which caused her L4 radiculopathy. Dr. Steven Fiore, Dr. Zaslav's colleague, who treated claimant on four occasions, opined that the November 10, 1999 accident was "the cause, or one of the causes" of the claimant's lower back injury, for which he rendered treatment. Dr. Fiore opined that claimant sustained an L4-5, foramenal disc herniation or bulge.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "'when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'" Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted).

As fact finder, the commission weighed the medical evidence, accepted the opinions of the treating physicians, Drs. Fiore and Zaslav, and rejected the contrary opinion of Dr. Rabhan. The commission articulated its reasons for rejecting Dr. Rabhan's opinion. The opinions of Drs. Fiore and Zaslav constitute credible evidence to support the commission's findings that the medical treatment and disability resulting from claimant's low back condition were causally related to her

- 3 -

November 10, 1999 compensable injury by accident and that she had not been released to perform her pre-injury work.  Thus, we are bound by those findings, and we will not disturb them on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>