COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


HARDEES OF WARSAW VILLAGE #2977,
 BODDIE NOELL ENTERPRISES, INC. AND
 GAB ROBINS NORTH AMERICA, INC.
                                        MEMORANDUM OPINION*
v.   Record No. 1389-02-2                   PER CURIAM
                                        SEPTEMBER 24, 2002
LINDA D. CAMPBELL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert M. Himmel; Dale W. Webb; Gentry Locke
            Rakes & Moore, on brief), for appellants.

            (Louis D. Snesil; Louis D. Snesil, P.C., on
            brief), for appellee.


     Hardees of Warsaw Village #2977, Boddie Noell Enterprises,

Inc. and their insurer (hereinafter referred to as "employer")

contend the Workers' Compensation Commission erred in denying

employer's change-in-condition application.  The commission

found that employer failed to prove that Linda D. Campbell

(claimant) was released to perform her pre-injury work and that

her current disability was unrelated to her compensable injury

by accident.  Upon reviewing the record and the parties' briefs,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"General principles of workman's compensation law provide that 'in an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that employer's evidence sustained its burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).[1]

On June 3, 1999, claimant sustained a fracture dislocation of her left toe with subluxation of the joint. On January 18, 2000, Dr. David Antonio performed a left second PIP fusion on claimant's foot. Pursuant to agreement of the parties, the commission entered an award for temporary total disability benefits beginning January 25, 2000.

---

[1] We find no merit in employer's argument that the commission required it to meet its burden of proof by more than a preponderance of the evidence. This matter was before the commission upon employer's change-in-condition application. Therefore, employer bore the burden of proving its allegations by a preponderance of the evidence. The commission was entitled to weigh the totality of the medical evidence and to determine, as fact finder, that employer's evidence did rise to the level sufficient to sustain employer's burden of proof.

On May 1, 2000, Dr. Antonio recommended a repeat arthrodesis of the second left PIP joint due to claimant's continuing symptoms. On June 9, 2000, Dr. Antonio performed that procedure. On July 12, 2000, he removed two pins from claimant's foot. On August 9, 2000, he referred claimant to Dr. J. William Van Manen for a second opinion. Dr. Van Manen eventually took over claimant's treatment upon Dr. Antonio's recommendation.

On February 1, 2001, Dr. Van Manen reported that a recent MRI of claimant's foot revealed a lipoma over the dorsum of her foot. He noted that that part of claimant's foot was still painful "probably due to the traumatic episode that she experienced at work." He also noted that "there has been some irritation to the nerves from the trauma . . . ." Dr. Van Manen then opined that claimant could go back to work without restrictions with respect to her right foot. However, he went on to state, "[o]n the other hand, she does have a problem that could be relieved with excisional biopsy of the soft tissue mass." Dr. Van Manen indicated that claimant would contact him if she desired to go forward with the surgery.

In a February 21, 2001 response to the insurer's question, Dr. Van Manen agreed that he had released claimant to return to her pre-injury work and that the soft tissue mass was not causally related to the work injury.

- 3 -

On April 2, 2001, employer filed a change-in-condition application alleging that Dr. Van Manen released claimant to return to her pre-injury work on March 2, 2001 and that her current disability was unrelated to her compensable injury by accident.

On June 6, 2001, Dr. Andrew Worthington, a neurologist, examined claimant and reported a history of her industrial accident and Dr. Van Manen's treatment.  Claimant complained of pain radiating from her toe to her buttock and extreme sensitivity.  Dr. Worthington opined as follows:

> I, unfortunately, suspect this patient does have reflex sympathetic dystrophy ["RSD"].  I suspect it came on in combination with the original injury plus the surgery.  I suspect it probably wasn't recognized early on. . . .  I would recommend at this point that the patient be referred to Dr. Steve Long at Commonwealth Pain Associates so that he may take a look at her and confirm the diagnosis of RSD if he so agrees so that he may consider instituting the proper treatment for that. . . .  This patient has now unfortunately languished for two years since her original surgery with what probably represents untreated RSD and I think it is probably time for diagnosis and treatment of the problem.

In a June 27, 2001 response to claimant's attorney's questions, Dr. Worthington opined that the RSD in claimant's left lower extremity prevented her from returning to her pre-injury work.

Based upon this record, the commission ruled that employer failed to sustain its burden of proving that claimant had been released to return to her pre-injury work and that her current disability was unrelated to her compensable industrial accident.

In so ruling, the commission rejected Dr. Van Manen's opinions because they conflicted with his office notes, which indicated that claimant continued to have pain and symptoms. In addition, Dr. Van Manen's opinion that the soft tissue mass was not related to the work injury was inconsistent with his previous office note indicating that the lipoma was probably due to the traumatic episode at work and recommending that claimant undergo surgery. The commission gave greater weight to Dr. Worthington's opinion that claimant suffered from RSD, which was causally related to her work injury and which prevented her from returning to her pre-injury work. The commission, as fact finder, could reasonably infer that Dr. Worthington's use of the word "suspect" in his office notes, "when viewed in the context of the [June 27, 2001] letter . . . [was] not . . . speculative but [that he] ha[d] stated his opinion that the condition is related."

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to weigh the medical evidence, to reject Dr. Van

Manen's opinions based upon their inconsistency with his office notes, and to give greater weight to Dr. Worthington's opinions. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Based upon the inconsistencies between Dr. Van Manen's office notes and his opinions, coupled with Dr. Worthington's opinions, we cannot find as a matter of law that employer sustained its burden of proving by a preponderance of the evidence that claimant was released to her pre-injury work and that her current disability was unrelated to her compensable industrial accident.

For these reasons, we affirm the commission's decision.

Affirmed.