COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


IMPACT MANAGEMENT SERVICE AND
 TWIN CITY FIRE INSURANCE COMPANY

                                    MEMORANDUM OPINION* BY
v.    Record No. 1897-02-1           JUDGE RICHARD S. BRAY
                                          MARCH 11, 2003
CATHY S. FORREST


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              William C. Walker (Amanda R. Castel; Taylor &
              Walker, P.C., on brief), for appellants.

              Matthew H. Kraft (Chanda W. Stepney; Rutter,
              Walsh, Mills & Rutter, L.L.P., on brief), for
              appellee.


     Impact Management Service and its insurer (employer) appeal

a decision of the Workers' Compensation Commission (commission)

denying employer's application to terminate an existing award of

compensation benefits to Cathy S. Forrest (claimant).  Employer

contends the commission erroneously found employer's evidence

insufficient to prove claimant had been released to pre-injury

employment.  Finding no error, we affirm the commission.

     "General principles of workman's compensation law provide

that 'in an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Thus, unless employer's evidence established as a matter of law that claimant was fully capable of performing her pre-injury employment, the decision of the commission is binding and conclusive on appeal to this Court.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In support of the application to terminate claimant's benefits, employer relied upon an "Office Note" of claimant's physician, Dr. Gary W. Routson, dated September 24, 2001.  In concluding claimant "can do the work," "could go back to work,"[1] Dr. Routson cited the "Summary Report" of a "Functional Capacity Evaluation" (FCE) of claimant.  Portions of the summary referenced by Dr. Routson "suggest[ed] the presence of sub-maximal effort," an indication claimant could "do more at times than she . . . states or perceives," and "symptom magnification,"[2] conditions that disqualified claimant as a

---

[1] The "full [FCE] report" is mentioned in the summary as "appended" but is not a part of the record before us.

[2] Although not included in Dr. Routson's note, the summary also reported that claimant "had significant difficulty, pain and restricted range of motion bending forward when she was being measured with the spinal inclinometer . . . ."

"candidate for any type of physical rehabilitation."
Nevertheless, Dr. Routson suggested "the insurance company evaluate the situation from a rehabilitation status to see what they can do with [claimant]."[3]

Following the FCE and Dr. Routson's report, claimant was referred to Dr. Singh for "Pain Management" and by Dr. Singh to Dr. Gerry Smith of Riverside Rehabilitation Institute for like treatment. Dr. Smith reviewed Dr. Singh's assessment of claimant, which reported "chronic low back pain and leg pain," and performed a physical examination of claimant on October 15, 2001. Dr. Smith's "Impression" included "low back pain" and "spinal asymmetry/pelvic obliquity," and he recommended claimant undergo an "EMG study of both legs to rule out radiculopathy," together with "hands on physical therapy." In a November 7, 2001 "Certification" to the United States Department of Labor, Dr. Smith opined that claimant was then "able to work light duty if available."

Reviewing the instant record, the commission observed that "the only evidence supporting employer's application was Dr. Routson's September 24, 2001 office note" and the related FCE summary. Addressing such evidence, the commission noted "[i]t was not apparent . . . that Dr. Routson ever performed a physical examination of . . . claimant" or "reviewed the actual

_____

[3] The report did not specifically address claimant's ability to perform the duties of her pre-injury employment.

- 3 -

test results of the [FCE]."  The commission characterized as "vague" Dr. Routson's conclusion that "claimant was able to 'do the work'" without "explain[ing] to which 'work' he was referring" and his recommendation that claimant "be evaluated 'from a rehabilitation status,'" also without elaboration.  The commission, therefore, found employer's evidence "scant and ambiguous," insufficient to satisfy the burden of proof necessary to terminate the award.

The commission, as fact finder, weighed the medical evidence and found Dr. Routson's report unpersuasive.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Our review of the record, more particularly Dr. Routson's note and attendant circumstances, together with Dr. Smith's subsequent report that claimant was capable of only light-duty work on November 7, 2001, provides ample support for denial of employer's application to terminate her benefits.

Accordingly, we affirm the decision of the commission.

Affirmed.